AO 91 (Rev. 11/82)            **CRIMINAL COMPLAINT**

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JOSE MANUEL VELASQUEZ | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>M:18-0416 |

Complaint for violation of Title 18, United States Code, Section 922(g)(1)

| NAME OF MAGISTRATE JUDGE<br>THE HONORABLE JACQUELINE CHOOLJIAN | UNITED STATES MAGISTRATE JUDGE | LOCATION<br>Los Angeles, California |
|---|---|---|
| DATE OF OFFENSE<br>January 11, 2018 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

[18 U.S.C. § 922(g)(1)]

On or about January 11, 2018, in Los Angeles County, within the Central District of California, defendant JOSE MANUEL VELASQUEZ ("VELASQUEZ") knowingly possessed a firearm, namely, a Colt, Model Derringer, .22 caliber revolver, bearing serial number 59768D, in and affecting interstate and foreign commerce. Such possession occurred after defendant VELASQUEZ had been convicted of the felony crimes described in the attached affidavit, which are punishable by a term of imprisonment exceeding one year.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>Mandrel L. Brown     /S/<br>OFFICIAL TITLE<br>Special Agent – ATF |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE[(1)]<br>JACQUELINE CHOOLJIAN | DATE<br>February 26, 2018 |
|---|---|

[(1)] See Federal Rules of Criminal Procedure 3 and 54

AUSA Veronica Dragalin x0647     REC: Detention

## AFFIDAVIT

I, Mandrel L. Brown, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1. This affidavit is submitted in support of a criminal complaint against and arrest warrant for JOSE MANUEL VELASQUEZ ("VELASQUEZ"), for a violation of Title 18, United States Code, Section 922(g)(1), Felon in Possession of a Firearm.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

### II. BACKGROUND FOR ATF SPECIAL AGENT BROWN

3. I am a Special Agent ("SA") with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since May 2017. I have completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center ("FLETC"), and the ATF Special Agent Basic Training at the ATF National Academy, located at FLETC. I also received specialized training while attending the academies at FLETC in Glynco, Georgia, concerning

violations of the Gun Control Act within Title 18 of the United States Code.  I regularly refer to these laws and regulations during the course of my duties.  I have participated in undercover investigations and surveillance of individuals committing crimes of violence and persons in possession of firearms.  I have also participated in the investigation of crimes involving firearms and drugs.  I am currently assigned to the ATF Los Angeles Field Office.

### III. SUMMARY OF PROBABLE CAUSE

4.   On January 11, 2018, while working patrol, Los Angeles Police Department ("LAPD") officers saw VELASQUEZ yelling and gesturing wildly at a female on a public sidewalk.  After recognizing VELASQUEZ as a self-admitted member of the Crazy Riders Gang, and based on their belief that VELASQUEZ was potentially engaged in a domestic violence dispute, officers conducted an investigatory stop and a pat-down search for their safety.  VELASQUEZ, a convicted felon, had a loaded revolver in his pants pocket.

### IV. STATEMENT OF PROBABLE CAUSE

**A.   VELASQUEZ Had a Loaded Firearm on January 11, 2018**

5.   Based upon my review of an LAPD report dated January 11, 2018, and conversations with LAPD officers and other law enforcement officers, I learned the following, among other things:

   a.   On January 11, 2018, LAPD Metropolitan Police Officer Miguel Dominguez and Officer Brian Putnam were on patrol in the vicinity of Alvarado Street and Wilshire Boulevard in Los

Angeles, California. Based on the LAPD report, I know that this intersection is in a high crime area and falls within the area that the Crazy Riders Gang has traditionally claimed as its stronghold. The officers were dressed in full uniform and driving an unmarked, police car equipped with emergency lights and sirens.

    b. The officers saw a man standing next to a woman on the East side of the street at the intersection, just north of the parking lot of the Yoshinoya Beef Bowl Restaurant ("Yoshinoya"). The man and woman were standing approximately three feet from each other. The man was gesturing wildly and appeared to be upset at the woman. The man appeared to be yelling at the woman, and the officers saw that he had his hands raised above his shoulders. Officer Dominguez saw that the woman had an unlit cigarette in her hand, and that she appeared to be in distress based on her body language.

    c. Believing that a domestic violence incident was taking place, the officers drove into the parking lot of Yoshinoya to investigate further. As the officers stopped their patrol car, the man looked into the officers' direction, and Officer Dominguez recognized the man from a pervious contact as VELASQUEZ, a self-admitted Crazy Riders Gang member. Specifically, Officers Dominguez and Putnam had contacted VELASQUEZ approximately two weeks earlier. During this previous contact, VELASQUEZ and an associate were loitering in front of a business and appeared to be under the influence of alcohol. During the contact, both VELASQUEZ and his associate admitted

3

that they were members of the Crazy Riders Gang. The officers ran a check for wants and warrants on the two individuals, and received negative results. Officer Dominguez advised VELASQUEZ and his associate to vacate the premises and to not loiter in front of businesses or consume alcohol in public.

   d. The officers exited their car and contacted VELASQUEZ, after separating him from the woman. Because Officer Dominguez believed VELASQUEZ may have been involved in a domestic violence incident, and because VELASQUEZ had previously admitted membership in a gang known to commit violent crimes in the area, Officer Dominguez conducted a pat-down search for weapons for officer safety. As he passed his hand over VELASQUEZ's right front pants pocket, Officer Dominguez felt what he immediately recognized as the shape of a gun. Officer Dominguez advised his partner of the gun, reached into VELASQUEZ's pocket, recovered a handgun, and passed it to his partner.

   e. While Officer Putnam was rendering the weapon safe, VELASQUEZ spontaneously stated to the officers, "You aren't going to arrest me for that, right?" Officer Dominguez responded that yes, they were arresting him. VELASQUEZ then spontaneously stated the following, among other things, to the LAPD officers: "You know my hustle. I'm just out here trying to make a little money. I don't need to pull that [gun] on anyone to make money. Besides, everyone out here just laughs at that thing."

        f.    While the officers were speaking to VELASQUEZ, the woman stated that she was fine, that she and VELASQUEZ were only talking, and that she did not need the police.  The woman subsequently left because the officers did not detain her.  Based on my training and experience, and conversations with other law enforcement officers, I know that victims of domestic violence often do not report the abuse for various reasons, including fear of retaliation from the abuser.

        g.    VELASQUEZ then offered to help render the weapon safe, telling Officer Putnam: "Give me that thing and I'll do it."  Officer Putnam rotated the barrel of the handgun and saw that it was loaded with a .22 caliber bullet in the barrel.

        h.    VELASQUEZ was arrested for violation of California Penal Code Section 29800(a)(1) (Felon in Possession of a Firearm), and transported to the Metropolitan Detention Center.

        i.    The following firearm and ammunition were booked into LAPD custody and are currently pending further investigation with the Rampart Robbery Division: a Colt, Model Derringer, .22 caliber revolver, bearing serial number 59768D, and one round of .22 caliber ammunition stamped "A."  A records check of the revolver revealed that it was last purchased by someone other than VELASQUEZ.

    **B.**    **VELASQUEZ's Criminal History**

    6.    On or about January 23, 2018, I reviewed criminal history reports for VELASQUEZ using the Law Enforcement Telecommunications System and the Los Angeles County

Consolidated Criminal History Report System. On or about January 24, 2018, I also reviewed certified court records from the Superior Court of California, County of Los Angeles. Based on my review of these databases and records, I am aware that VELASQUEZ has previously been convicted of at least the following felony crimes each punishable by a term of imprisonment exceeding one year:

    a.    On or about August 27, 2004, a violation of California Health and Safety Code Section 11350(a), Possession of a Controlled Substance, in the Superior Court of the State of California, County of Los Angeles, Case Number BA269840.

    b.    On or about December 19, 2006, a violation of California Penal Code Section 459, Burglary, in the Superior Court of the State of California, County of Los Angeles, Case Number BA309040.

    c.    On or about November 7, 2007, a violation of California Penal Code Section 459, Burglary, in the Superior Court of the State of California, County of Los Angeles, Case Number BA328844.

    C.    **Firearm Interstate Nexus**

7.    On February 20, 2018, ATF SA Alex Liwienski, an Interstate Nexus Expert, examined the firearm recovered from VELASQUEZ on January 11, 2018. SA Liwienski determined that the Colt, Model Derringer, .22 caliber revolver, bearing serial number 59768D, was manufactured outside the State of California. Because the gun was found in Los Angeles, California, I believe

that the gun traveled in and affected interstate and foreign commerce.

## V. CONCLUSION

8.  For the reasons described above, there is probable cause to believe that, on January 11, 2018, VELASQUEZ violated Title 18, United States Code, Section 922(g)(1), Felon in Possession of a Firearm.

/S/
_____
Mandrel L. Brown,
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed to and sworn before me this 26 day of February 2018.

JACQUELINE CHOOLJIAN
_____
HONORABLE JACQUELINE CHOOLJIAN
UNITED STATES MAGISTRATE JUDGE